This Court Adopts the Magistrate's Report and Recommendation (Doc. No. 47) and grants the Motion to Suppress ( Doc. No. 33).

SO ORDERED.

<u>s/Jack Zouhary</u>     12/1/11
U.S. District Judge

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| United States, | ) | Case No. 3:10 CR 431 |
| | ) | |
| | ) | Judge Jack Zouhary |
| Plaintiff, | ) | |
| | ) | **MOTION TO SUPPRESS** |
| | ) | |
| v. | ) | Stephen D. Hartman (0074794) |
| | ) | KERGER & HARTMAN LLC |
| | ) | 33 S. Michigan St., Ste. 100 |
| Anthony Willoughby, | ) | Toledo, OH 43604 |
| | ) | Phone: (419)255-5990 |
| | ) | Fax: (419)255-5997 |
| Defendant. | ) | shartman@kergerlaw.com |
| | ) | |
| | ) | Counsel for Defendant Anthony |
| | ) | Willoughby |

Now comes Defendant Anthony Willoughby, by and through counsel, and respectfully requests that the Court enter an order suppressing the belt seized during the execution of the search warrant in this case and forbidding any mention of said belt by the government. A Memorandum in Support follows.

Stephen D. Hartman (0074794)<br>
KERGER & HARTMAN<br>
33 S. Michigan St., Suite 100<br>
Toledo, Ohio 43604<br>
Telephone: (419) 255-5990<br>
Fax: (419) 255-5997

**MEMORANDUM IN SUPPORT**

It is a fundamental element of the Fourth Amendment that a warranted must particularly describ[e] the place to be searched, and the persons or things to be seized. U. S. Const. Amend. IV. "A general order to explore and rummage through a person's belongings is not permitted. The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized. *U.S. v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1991)(citing *U.S. v. Cook*, 657 F.2d 739, 733 (5th Cir. 1981)). The particularity requirement eliminates the danger of unlimited discretion in the executing officer's determination of what is subject to seizure. *U.S. v. Savoca*, 761 F.2d 292, 298 (6th Cir. 1985) (internal quotations omitted).

Suppression is an available remedy when officers executing a warrant seize items which are outside the scope of that warrant. *U.S. v. 1328 N. Main St, Dayton, OH,* 634 F.Supp 1069, 1075 (S.D. Ohio, 1986). Absent a showing of flagrant disregard for the limitations of the warrant, a showing that some items outside the scope of the warrant were seized does not require suppression of the contemporaneously seized items which were within the scope of the warrant. *U.S. v. Lambert*, 771 F.2d 83, 93 (6th Cir. 1985).

In this instance, a men's belt was seized despite the fact that it was not mentioned within the scope of the search warrant. (the Warrant, with the Affidavit, is attached as exhibit A). The only clothing that the warrant authorized officers to seize was, "[i]tems related to prostitution activities such as women's clothing, undergarments, lingerie, shoes, cosmetics, and wigs…" (See Search Warrant, Para. 11). There is no credible argument to be made that a men's belt fits within the scope of that paragraph, and it was, therefore, outside of the warrant and not subject to seizure.

Because the seizure of the belt was outside the scope of the warrant, and therefore in violation of the Fourth Amendment, the belt should be suppressed. The belt should not be allowed into evidence, and it should not be shown or any mention of it made to the jury.

Respectfully submitted,

/s/ Stephen D. Hartman
STEPHEN D. HARTMAN (0074794)
Counsel for Anthony Willoughby

Stephen D. Hartman (0074794)
KERGER & HARTMAN
33 S. Michigan St., Suite 100
Toledo, Ohio 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Suppress was filed electronically this 17th day of October, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.

      /s/ Stephen D. Hartman