IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                         Case No. 3:10 CR 431

               Plaintiff,                         O R D E R

            -vs-                                   JUDGE JACK ZOUHARY

Anthony C. Willoughby,

             Defendant.

Defendant filed a Motion to Suppress (Doc. No. 37), which was referred to the Magistrate for hearing and a Report and Recommendation. The Magistrate recommended the Motion be denied (Doc. No. 46).

Defendant filed Objections to the Report and Recommendation (Doc. No. 55). The objections claim the Magistrate incorrectly concluded the warrant was sufficiently particular and not overly broad (Doc. No. 55 at 2). In support of this objection, Defendant claims the warrant was too broad because it did not "match the specificity with which S.W. explained items to officers" (Doc. No. 55 at 4). Defendant also argues the warrant lacked "sufficient particularity" because the supporting affidavit was merely attached instead of specifically incorporated (Doc. No. 55 at 3). Neither of these objections is well-taken.

"It is well settled that items to be seized pursuant to a search warrant must be described with particularity to prevent the seizure of one thing under a warrant describing another." *United States v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000). Particularity "must be flexible, depending upon the type of items to be seized and the crime involved." *Id.* (citing *United States v. Ables*, 167 F.3d 1021, 1033 (6th Cir. 1999). Citing to "reason," Defendant contends because "S.W. was very, very specific about

items and property allegedly used as part of criminal activity . . . the agents should have been equally detailed to tailor the warrant for exactly what it was that they sought." (Doc. No. 55 at 2). S.W. specifically identified (Doc. No. 55 at 4):

- A black bra with pink lace, black panties with pink lace and polka dots, a see through lace top and a lime green garter belt, and these items were kept in a blue tub.

- Non-lubricated condoms in a red box and lubricated condoms in a purple box, a pink and tan make up [sic] kit and a black and white bag with baby oil, condoms, and wipes to use while allegedly prostituting.

- Phone numbers and names were written down in a journal that had Barbie stickers on it.

- A camera described as a black Samsung, but explains that there was nothing criminal done with the camera.

- A computer, but recalls that it was not used for any allegedly criminal activity.

Defendant argues the warrant lacks particularity because the items seized pursuant to the warrant went beyond the items described by S.W. (Doc. No. 55 at 3).

As support, Defendant cites two cases, *Millender v. County of Los Angeles*, 620 F.3d 1016 (9th Cir. 2010) and *United States v. Santarelli*, 778 F.2d 609 (11th Cir. 1985). These cases weigh "whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued." *Millender*, 620 F.3d at 1024; *see also Santarelli*, 778 F.2d at 614–15.

The defendant in *Millender* was arrested for "spousal assault and an assault with a deadly weapon." *Id.* at 1020. The witness affidavit described a "black sawed off shotgun with a pistol grip and gave the officers four photos of Bowen to aid their investigation." *Id.* at 1021 (internal quotations omitted). The warrant authorized "a search for essentially any device that could fire ammunition, any

2

ammunition, and any firearm-related materials." *Id.* at 1025. A SWAT team was dispatched to make the arrest, and while the black shotgun was not found, a different shotgun was seized, as well as a box of .45 caliber ammunition. *Id.* at 1022–23. In invalidating the warrant, the court recognized the affidavit did not "set forth any evidence [the defendant] owned or used other firearms, that such firearms were contraband or evidence of a crime, or that such firearms were likely to be present . . . ." *Id.* at 1025.

Unlike *Millender*, where items seized did not relate to the alleged crime or the affidavit, the alleged crime in the present case required a broader search. *See United States v. Gardiner*, 463 F.3d 445, 471 (6th Cir. 2006) (finding broad description of documents to be seized appropriate when defendant was accused of financial bribery and extortion). The underlying affidavit describes Defendant's promotion of prostitution and drug trafficking activities (Doc. No. 37-1 at 3–10). The warrant identifies twelve categories of items to be seized and conspicuously relates them to Defendant's prostitution and drug charges (Doc. No. 10-1 at 1–2). "'A generalized seizure of business documents may be justified' it if is demonstrated that 'the government could not reasonably segregate . . . documents on the basis of whether or not they were likely to evidence criminal activity.'" *United States v. Banks*, 556 F. 3d 967, 973 (9th Cir. 2009) (citations omitted). It is unclear how the warrant could have been more particular.

The instant case is more similar to *Santarelli*. In that case, a warrant was based on an affidavit that particularly described several of the items to be seized. *Santarelli*, 778 F.2d at 612–15. The warrant generally "authorized the seizure of all property constituting evidence of the crimes . . . ." *Id.* at 613. Although many items not specifically described in the affidavit were seized, the court upheld the warrant because the informant, "could not have known precisely what other evidence of

3

[the crime] the residence contained." *Id.* at 615. Likewise, S.W., who provided detailed descriptions of some of the evidence to be seized, could not have known about every document or piece of evidence relevant to the investigation.

Defendant also argues the warrant was defective "because it relies upon an Affidavit that may not have been properly incorporated into the warrant." (Doc. No. 55 at 2). As the Supreme Court recognized in *Groh v. Ramirez*, "most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." 540 U.S. 551, 557–58 (2004). Applying that language, the Sixth Circuit upheld a warrant where the "warrant explicitly incorporated the supporting affidavit; the magistrate signed the affidavit and warrant; and the affidavit described with particularity the items to be seized." *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 440 (6th Cir. 2006) (en banc). Here, the very first sentence of the warrant explicitly references the affidavit (Doc. No. 37-1 at 1). The affidavit was also attached (Doc. No. 37-1 at 3–10), and the judge signed both the affidavit and the warrant (Doc. No. 37-1 at 2,10). Finally, the seven-page affidavit describes with particularity the items to be seized as well as the basis for probable cause (Doc. No. 37-1 at 3–10).

For these reasons, the Objections are overruled. This Court adopts the Report and Recommendation of the Magistrate denying Defendant's Motion to Suppress.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 5, 2011